UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RICHARD D. PERRIE, individually,  :
and as the authorized agent of the :
Richard D. Perrie and Helen R. Perrie :
Revocable Living Trust             :
 plaintiff,                        :
                                   :
v.                                 :   NO. 3:13-cv-1667 (AVC)
                                   :
MIDDLETOWN ZONING BOARD            :
OF APPEALS                         :
  defendant.                       :

**RULING ON THE DEFENDANTS' MOTION TO DISMISS**

This is an action for damages in which the plaintiff, Richard D. Perrie, claims that the defendant, the Middletown Zoning Board of Appeals (hereinafter the "ZBA"), intentionally and maliciously discriminated against the plaintiff, arbitrarily used its power to deprive the plaintiff of the use of his property, and engaged in vexatious litigation. It is brought pursuant to 42 U.S.C. § 1983 ("Section 1983"), the United States Constitution, Connecticut common law, and Connecticut general statutes. The defendants filed the motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The issues presented are: 1) whether the plaintiff's § 1983 claims and state law claims of abuse of process and vexatious litigation are time-barred by applicable statute of limitations; 2) whether the plaintiff's equal protection cause of action identifies similarly situated persons who were treated

1

differently; 3) whether a favorable ruling from the ZBA is a constitutionally protected due process right; and 4) whether the plaintiff alleges a plausible cause of action of gross abuse of governmental authority by the ZBA.

As explained below, the court concludes that plaintiff's causes of action are time-barred.[1] The court, therefore, need not decide the merits of the other issues, and the defendant's motion to dismiss is GRANTED.

**FACTS**

The complaint alleges the following:

Perrie was the owner of property located at 186 Shore Drive, Middletown, Connecticut (hereinafter "the property"). The ZBA is an agency of the City of Middletown, Connecticut.

The property borders Crystal Lake and has a shed near the lake, which is the source of the original dispute in this matter. The plaintiff asserts that he "and his family have used the property for at least seventy-five (75) years, mainly for summer recreational purposes such as swimming, kayaking and hosting family gatherings."

In 2006, Perrie applied for a variance which, *inter alia*, sought to relocate a shed on the property. Perrie "represented to the defendant that the shed would be used for storage of

---

[1] Specifically, both the plaintiff's § 1983 causes of action pursuant to the Equal Protection and Due Process clauses of the Fourteenth Amendment as well as claims of abuse of process and vexatious litigation were brought after the relevant statute of limitations had expired.

2

kayaks and canoes and that it would also have some furniture in it, such as a card table and chairs," and that he was "not seeking to construct a dwelling, but rather a storage shed without electricity, heating or plumbing that would not be used for human habitation except for temporary shelter from storms."

On August 7, 2006, the defendant granted the variance, allowing the storage shed to be expanded and relocated. The variance did not prohibit the installation of electricity. In the fall of 2007, Perrie installed electricity at the property which was inspected and approved by the Middletown Building Department. However, on April 22, 2009, a "Middletown Zoning Enforcement Officer issued a cease and desist order to the plaintiff citing an "unlawful use of land and structure" in violation of the Middletown Zoning Code. The enforcement officer stated that the ZBA approved a proposal for a storage shed without electricity at its meeting on August 3, 2006. On April 30, 2009, the plaintiff appealed this order.

On October 1, 2009, the ZBA voted 4-2 to deny Perrie's appeal of the cease and desist order. The ZBA "ruled that the cease and desist order was properly issued because (a) the 2006 variance was for a shed without electricity and (b) because installation of electricity at the property constituted an unlawful use of the property." On October 8, 2009, the ZBA's

vote was published. On October 22, 2009, the plaintiff appealed the ZBA's ruling to the Connecticut Superior Court.

The complaint alleges that the ZBA 1) knew the 2006 variance certificate contained no conditions or limiting language regarding the use of electricity at the property; 2) knew it could not interpret the terms of the variance so as to hold that the variance precluded the use of electricity; and 3) knew the addition of electricity to the shed did not and could not exclude it from the category of an "existing use."

On September 17, 2012, the Connecticut Superior Court overturned the ZBA ruling as "illegal, arbitrary and an abuse of discretion."

The complaint in this action was filed on November 11, 2013, one (1) year, one (1) month and twenty-five (25) days after the superior court's order overturning the ZBA's decision and four (4) years, one (1) month and three (3) days after the ZBA's publication of its decision.

## **STANDARD**

The court must grant a motion to dismiss pursuant to the Federal Rule of Civil Procedure 12(b)(6) if a plaintiff fails to establish a claim upon which relief may be granted. Such a motion "assess[es] the legal feasibility of the complaint, [it does] not…assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distrib. Corp. v.

4

Merrill Lynch Commodities, Inc., 784 F.2d 774, 779 (2d Cir. 1984).  When ruling on a motion to dismiss, the court must presume that the well-pleaded facts alleged in the complaint are true and draw all reasonable inferences from those facts in favor of the plaintiff.  Sykes v. James, 13 F. 3d 515, 519 (2d Cir. 1993).  The issue at this juncture is not whether the plaintiff will prevail but whether he should have the opportunity to prove his claim.  See Conley v. Gibson, 355 U.S. 41, 45 (1957).  In order to withstand a motion to dismiss, the complaint must allege "enough facts to state a claim that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007); Patane v. Clark, 508 F.3d 106, 111-112 (2d Cir. 2007).  The second circuit has recognized that Twombly is not limited to antitrust cases and that the Supreme Court requires "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible."  Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007).  In its review of a 12(b)(6) motion to dismiss, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken."  Samuels v. Air Transp. Local 504, 992 F.2d 12, 15 (2d Cir. 1993).

**DISCUSSION**

I. <u>**Constitutional Causes of Action**</u>

The ZBA argues it is alleged to have committed a discriminatory act when it "up[held] the cease and desist order previously issued by the Zoning Enforcement Officer of April 22, 2009" and since the plaintiff filed this action in late 2013, over four years later, the action is well past the relevant Connecticut statute of limitations of three years. Specifically, the ZBA argues that "[i]n § 1983 claims, the statute of limitations is set by the state law statute of limitations for personal injury actions," which , "pursuant to Conn. Gen. Stat. § 52-577 . . . provides, 'No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of.'" The ZBA also argues "[t]he standard for accrual is set by federal law, and a claim begins to accrue when the plaintiff knew or should have known that his rights were violated." Thus, the ZBA argues, the statute of limitations was not tolled while defending an administrative appeal.

The plaintiff responds that the defendant's "argument is based entirely on the unwarranted assumption that the conduct at issue in this case is the defendant's initial action in denying the plaintiff's appeal from the cease and desist order." Specifically, the plaintiff argues this suit is based upon

6

"affirmative wrongful conduct by the defendant," which did not end until September 17, 2012."

The determination of the appropriate statute of limitations for § 1983 claims is left to the states. Wilson v. Garcia, 471 U.S. 261, 275 (1985). "Under Connecticut law, the statute of limitations for § 1983 cases is the three-year period set forth in Conn. Gen. Stat. § 57-577." Lawson v. E. Hampton Planning & Zoning Comm'n, 2008 WL 4371297 at *6 (D. Conn. Sept. 22, 2008) (citing Orticelli v. Powers, 197 Conn. 9, 16 (1985)).

The accrual for § 1983 causes of action "is set by federal law, ensuing once the plaintiff knows or has reason to know of the injury which is the basis of his action." Pearl v. City of Long Beach, 296 F.3d 76, 80 (2d Cir.2002); see also Wallace v. Kato, 549 U.S. 384 (2007).

Pursuant to "both federal and Connecticut law, a plaintiff is not required to exhaust administrative remedies before bringing a § 1983 action" and accrual began when the plaintiff could bring a suit for relief. Lawson v. E. Hampton Planning & Zoning Comm'n, 2008 WL 4371297 at *6 (D. Conn. Sept. 22, 2008) (citing Patsy v. Florida Bd. of Regents, 457 U.S. 496 (1982); Port Clinton Assoc. v. Bd. of Selectmen, 217 Conn. 588 (1991)). "[I]t is knowledge of having been caused injury, not subsequent judicial verification of the injury, that starts the running of

the statute of limitations." Morales v. City of Los Angeles, 214 F.3d 1151, 1153-54 (9th Cir.2000).

However, when a plaintiff experiences a "continuous practice and policy of discrimination ... the commencement of the statute of limitations period may be delayed until the last discriminatory act in furtherance of it." Jaghory v. New York State Dep't of Educ., 131 F.3d 326, 331 (2d Cir. 1997)( citing Cornwell v. Robinson, 23 F.3d 694, 703 (2d Cir.1994)). This exception is often applied in an employment context but is also applicable to licensing and permitting. See id. "While discrete incidents of discrimination that are not related to discriminatory policies or mechanisms may not amount to a continuing violation, a continuing violation may be found where there is proof of specific ongoing discriminatory policies or practices, or where specific and related instances of discrimination are permitted . . ." Cornwell 23 F.3d at 704 (internal citations omitted).

Here, the complaint does not allege specific ongoing discriminatory policies or practices, or where specific and related instances of discrimination are permitted. While it may be true, as alleged in the complaint, that the plaintiff "was forced to endure years of needless litigation" to appeal a decision by the ZBA ultimately found by a Connecticut superior court to be "illegal, arbitrary and an abuse of its discretion,"

there is an absence of an allegation that this case falls into the exception where there is a continuous practice and policy of discrimination.

Just as the statute of limitations did not begin to run with judicial verification of the injury, it likewise did not begin to run when the defense of the appeal by the ZBA ended. Without more, an allegation that the defense of an administrative appeal is the continuation of a wrongful act cannot overcome the rule that the statute of limitations is not tolled on administrative appeal. Otherwise, such an exception would swallow the rule.

The finding and publication affirming the zoning enforcement officer's desist order in October of 2009 is the last affirmative conduct by the ZBA that is the basis for the constitutional causes of action. At that point the plaintiff had reason to know of his injury, and the statute of limitations began to run. Thus, the court concludes that because this action was filed after the three-year statute of limitations for section 1983 causes of action expired, the constitutional claims are dismissed.

    II.  **Vexatious Litigation**

The ZBA next argues that the plaintiff's Connecticut statutory claim of vexatious litigation is also barred by the three year statute of limitations set forth in Conn. Gen. Stat.

§ 52-577. Specifically, the defendant argues that even if it commenced and prosecuted an action against the plaintiff by way of the cease and desist issued on April 22, 2009 it "was more than four and a half (4 ½) years before this action was instituted on November 11, 2013." The defendant argues that it "did not commence or 'maintain' an action, since it was the defending party in the prior appeal."

The plaintiff responds that "Connecticut courts have uniformly held that, although the statute of limitations is an occurrence statute, rather than an accrual statute, the occurrence covered by Section 52-568 is the *maintenance* of the vexatious litigation, so that the last day on which the vexatious suit is maintained is the date from which the statute of limitations runs." Specifically, the plaintiff argues that with the occurrence covered by the maintenance of vexatious litigation, the suit was "filed well within the statute of limitations for vexatious litigation." The plaintiff also argues that the defendant's "somewhat tortured parsing of the statute is at odds with the definition of the terms utilized by the Connecticut courts" because it "was the defendant which maintained its position on appeal despite what the court found to be its utter lack of merit." The plaintiff argues that the defendant "deprived the plaintiff of the use of his property and thus constrained him to expend large sums of money to gain

relief from the defendant's 'abusive' conduct - conduct which persisted without respite until the Superior Court finally ordered that it stop."[2]

"The vexatious litigation statute, General Statutes § 52-568 may be used to seek recovery from any person who commences and prosecutes any civil action ... Prosecute is defined as follows: To commence and carry out a legal action ... to proceed against judicially ... To maintain rather than to commence or begin an action ... Shea v. Chase Manhattan Bank, N.A., 2000 WL 1196370 at *5 (Conn. Super. Ct. July 27, 2000) (internal quotation marks and citations omitted). To defend is to "deny, contest, or oppose (an allegation or claim)." *Defend*, Black's Law Dictionary (9th ed. 2009).

In Shea, the plaintiff's "claim for vexatious litigation was not brought within three years from commencement of the prior action, but was brought within three years from maintenance of that action." Shea, 2000 WL 1196370 at *5. The court found that the defendant "prosecuted" or "maintained" the prior action until it withdrew the action. Id.

Here, the court sees a relevant distinction between the plaintiff's ability to withdraw an action and the defendant's

---

[2] In a reply brief the defendant argues that "'vexatious litigation' [is] the commencement and continuation as a plaintiff" and "there are no factual allegations in Plaintiff's Complaint that the Defendant's failure to capitulate to Plaintiff's appeal was tortious."

11

ability to capitulate for the purposes of Conn. Gen Stat. § 52-568. The ZBA neither commenced, prosecuted, nor maintained the superior court action. Rather, the ZBA defended the action on appeal. Therefore, the finding and publication affirming the zoning enforcement officer's desist order in October of 2009 was the point in time the statute of limitations for a cognizable vexatious litigation cause of action began to run. Therefore, the vexatious litigation action was filed after the three-year statute of limitations expired.

### III. Abuse of Process

Finally, the defendant argues that the "Plaintiff's claim for abuse of process fails to state a claim upon which relief can be granted because the claim is barred by the statute of limitations set out in Conn. Gen. Stat. § 52-577. Specifically, the defendant argues that the "Plaintiff has not identified what judicial procedure was allegedly abused by Defendant within the three years prior to initiating the instant action." The defendant argues that "[t]he last allegedly improper action pled was the decision to uphold the cease and desist order, and even if "assum[ed] that this could be considered use of a judicial procedure, which Defendant maintains it cannot, said action occurred more than four years prior to the commencement of the instant matter."

12

The plaintiff responds that "it is not merely the commencement of an action for an improper purpose that is the essence of an abuse of process claim; it also is "the subsequent abuse thereof" which is sufficient to constitute an abuse of process." Specifically, the plaintiff argues that "a resolution of the issues in the underlying case may be necessary to determine whether the action was brought for an improper purpose, such that ordinarily it would be premature to sue for abuse of process while the underlying action remains pending." The plaintiff also argues that the "intent of the defendant, which is an essential element of the tort of abuse of process, ordinarily must be determined by the jury and cannot be ascertained by the court on a preliminary motion."

"An action for abuse of process lies against any person using 'a legal process against another in an improper manner or to accomplish a purpose for which it was not designed.'" Falls Church Grp., Ltd. v. Tyler, Cooper & Alcorn, LLP, 281 Conn. 84, n. 10 (2007)(quoting Mozzochi v. Beck, 204 Conn. 490 (1987)). Abuse of process "focuses on 'the use of 'a legal process ... against another primarily to accomplish a purpose for which it is not designed ....'" Id.

The Connecticut Supreme Court held that "an abuse of process claim may be predicated on conduct other than the institution and prosecution of a legal action for an improper

13

purpose" because abuse of process claims should be construed broadly. Larobina v. McDonald, 274 Conn. 394, 406 (2005).

As concluded above, defending a decision in superior court is not instituting and prosecuting a legal action. Additionally, the complaint does not allege any conduct which used the legal process for an improper purpose while the action was litigated in superior court. Viewing the factual circumstances surrounding the ZBA's October 2009 affirmation of the desist order in a light favorable to the plaintiff, that is, as an abuse of process, the court concludes that the statute of limitations began to run at that point. However, the abuse of process cause of action was filed after the three-year statute of limitations expired and, therefore, the cause of action must be dismissed.

## CONCLUSION

Based upon the foregoing, the motion to dismiss the one-count complaint for violations of the Substantive Due Process and Equal Protection clauses of the Fourteenth Amendment as well as the Connecticut actions for abuse of process and vexatious litigation (document 13) are GRANTED.

It is so ordered, this 27th day of March, 2014 at Hartford, Connecticut.

/s/
Alfred V. Covello,
United States District Judge